IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-32-D
No. 7:25-CV-691-D

| | |
|---|---|
| DAQUAN MADRID PRIDGEN, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Defendant. ) | **ORDER** |

On April 29, 2025, Daquan Madrid Pridgen ("Pridgen" or "petitioner") filed a motion to "dismiss" his 2019 conviction for discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). [D.E. 413] 5. On June 16, 2025, the government responded in opposition. See [D.E. 419]. On September 19, 2025, Pridgen replied. See [D.E. 422].

On May 30, 2019, a jury found Pridgen guilty of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), 2113(e), and 2 (count one), discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (count two), and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count four). See [D.E. 229]. On November 14, 2019, the court sentenced Pridgen to life imprisonment on count one, 120 months' consecutive imprisonment on count two, and 120 months' concurrent imprisonment on count four. See [D.E. 300]. Pridgen appealed. See [D.E. 304]. On October 3, 2022, the United States Court of Appeals for the Fourth Circuit affirmed. See [D.E. 377].

In his motion, Pridgen contends that bank robbery is not a crime of violence. See [D.E. 413] 1–5. He asks the court to dismiss his conviction under count two and to reduce his sentence

to 25 years on the basis that a sentencing enhancement was improperly applied. See id.; [D.E. 422] 1.

Pridgen seeks to challenge his conviction and sentence. To do so, Pridgen must file a motion under 28 U.S.C. § 2255. Cf. [D.E. 419] 2. The court may convert his motion into a section 2255 motion if Pridgen consents. See Castro v. United States, 540 U.S. 375, 377 (2003). However, a "court cannot . . . recharacterize a pro se litigant's motion as the litigant's first [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id. (emphasis omitted); see United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008).

Having concluded that Pridgen's motion to dismiss should be converted into a section 2255 motion, the court gives Pridgen until December 19, 2025, to express his consent to the conversion or to withdraw or amend his motion. See Castro, 540 U.S. at 383. The court also informs Pridgen that second or successive motions under section 2255 generally are prohibited and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted. The court also informs Pridgen that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year limitation period. See id. § 2255(f).

If Pridgen fails to respond to this order, the court will not recharacterize the motion as arising under section 2255. Instead, on December 30, 2025, the court will dismiss without prejudice all pending motions without further order of the court.

2
Case 7:18-cr-00032-D     Document 424     Filed 11/19/25     Page 2 of 3

SO ORDERED. This 19 day of November, 2025.

                                              JAMES C. DEVER III
                                              United States District Judge